# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC R. FIERRO,

        Plaintiff,

vs.                                                                                    No. CIV 18-1153 JB\SCY

STATE OF NEW MEXICO,
NEW MEXICO PUBLIC DEFENDER'S
OFFICE, WARDEN STEPHONSON,
JOHN MCCALL,TROY PRITCHARD,
DONALD KOCHERSBERGER,
MICHAEL ROSENFELD,
DAVID POTTENGER, WILL O'CONNELL,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court under 28 U.S.C. §§ 1915(a) and 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(6) on the Plaintiff's Complaint for Violation of Civil Rights filed by Plaintiff Eric R. Fierro, filed December 7, 2018 (Doc. 1)("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Eric R. Fierro is a prisoner incarcerated at the Lea County Correctional Facility. (Complaint at 2). Fierro was arrested in June, 2004. In January, 2009, a jury in Bernalillo County convicted Fierro of eight counts of first degree criminal sexual penetration (threat/coercion), sixteen counts of second degree criminal sexual penetration (child 13-16), four counts of third degree criminal sexual contact of a minor (child under 13), and two counts of bribery of a witness. See State v. Fierro, 2012-NMCA-054, 278 P.3d 541. Following a bench trial in Sandoval County, Fierro also was convicted of an additional count of second degree criminal sexual penetration

resulting in pregnancy. See State v. Fierro, 2014-NMCA-004, 315 P. 3d 319. Fierro is serving a

198 year sentence New Mexico's Corrections Department's custody. See United States v.

Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(quoting St. Louis Baptist Temple v. Fed.

Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)(stating that the court may take judicial

notice of publicly filed records in its court and other courts concerning matters that bear directly

upon the disposition of the case before the court)).

Fierro appealed both of his state criminal convictions. On appeal, he claimed violation of

his speedy trial rights and ineffective assistance of counsel. The Court of Appeals of New Mexico

affirmed both convictions, concluding that: (i) substantial evidence supports the convictions;

(ii) Fierro's speedy trial rights were not violated; and (iii) Fierro did not demonstrate any

ineffective assistance of counsel. The Court of Appeals of New Mexico stated:

> Defendant has failed to identify any deficiencies on the part of any of his
> attorneys that prejudiced his defense; he merely claims that the long delay to trial
> must be a product of his attorneys' ineffectiveness. . . . it appears that the conflict
> was due to Defendant's dissatisfaction with his attorneys' strategic decision to
> prepare for trial, instead of to continuously pursue Defendant's speedy trial
> claims. . . . Defendant has failed to make any showing, much less a showing to a
> reasonable probability, that, but for the alleged errors of his attorneys, the result of
> his trial would have been different.

State v. Fierro, 2012-NMCA-054, 278 P.3d at 553. See State v. Fierro, 2014-NMCA-004, 315

P.3d 323-329. The Supreme Court of New Mexico denied certiorari in both appeals. See State v.

Fierro, 2012-NMCERT-004, 293 P.3d 886; State v. Fierro, 321 P.3d 127 (D.N.M. 2013)(table).

Fierro filed his Complaint. See Complaint at 1. The Complaint identifies Augustin F.

Granado, Jr., Jessie L. Garcia, Preston Blake, and David Otero as additional plaintiffs "at the

discretion of the Judge & Court," but only Fierro signs the Complaint. See Complaint at 2, 4-5,

23. The Court previously has advised Fierro that he may not represent any other individual, and

the additional individuals are not proper parties to this proceeding. See Pro Se Prisoner Case

Management Order, filed December 18, 2018 at 1-2 (Doc. 6).[1]  Fierro names, as Defendants, the

State of New Mexico, the New Mexico Public Defender's Office, Lea County Correctional Facility

Warden Stephonson, and six attorneys who represented Fierro in New Mexico state criminal

proceedings -- John McCall, Troy Pritchard, Donald Kochersberger, Michael Rosenfeld, David

Pottenger, and Will O'Connell.  See Complaint 1, 2, 5-6.  The Complaint also lists attorney Eric

Turner, but the Complaint does not identify Mr. Turner as a Defendant.  See Complaint at 20.

In his Complaint, Fierro alleges:

"The starting date of claim's is June 26th 2004 to the present date of filing.
The under lying fact's are as follow's: #1.) Plaintiff received Ineffective Assistance
of counsel's all from the outset of his case. #2. The act's of counsel's in number 1.
did allow The State of New Mexico to illegally now prosecute my case, out of time,
to even prosecute it (one at all.)"

Complaint at 3.  Fierro seeks relief in the form of "monetary compensation punitive, compensatory

damages & to over-turn my conviction, & change to the public defender's indigent defense

systems."  Complaint at 23.

---

[1]The Court takes judicial notice that all of the identified individuals have filed their own prisoner civil rights cases in this Court: Augustin Granado has three closed cases and two pending cases (No. CIV 19-0096 JCH\JFR and No. CIV 19-0119 WJ\GJF); Jessie Garcia has sixteen closed cases and one pending case (No. CIV 18-1161 JB/KRS); Preston Blake has three pending cases (No. CIV 17-0807 JAP\KK, No. CIV 18-1160 RB\GBW, and No. CIV 19-0618 MV\KK); and David Otero has four closed cases and one pending case (No. CIV 19-0119 WJ/GJF).  In addition to this case, Fierro also has three closed cases and one pending case (No. CIV 19-0119 WJ\GJF). See Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court should liberally construe the pro se litigant's factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. Moreover, "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER § 1915

The Court has discretion to dismiss an in forma pauperis ("IFP") complaint sua sponte pursuant to § 1915(e)(2)(i) "at any time if the action . . . is frivolous or malicious." In this context, frivolous is defined as "the inarguable legal conclusion [and] the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). If there is an "*arguable* claim for relief, dismissal for frivolousness under § 1915 is improper." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)(emphasis in original)(citing Neitzke, 490 U.S. at 328). The authority granted by § 1915 permits the court the unusual power to "pierce the veil" of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. at 327. See Hall v. Bellmon, 935 F.2d at 1109. The authority to pierce the veil of the complaint's

factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The court's initial assessment of frivolity, however, "must be weighted in favor of the plaintiff." Denton v. Hernandez, 504 U.S. at 32.

The court also has discretion to dismiss an IFP complaint under § 1915(2)(B)(ii) for failure to state a claim on which relief may be granted. The court should dismiss a pro se litigant's complaint for failure to state a claim only when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)(quoting Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." Curley v. Perry 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## LAW REGARDING SECTION 1983 CIVIL RIGHTS CLAIMS

Section 1983 is the exclusive vehicle for vindication of substantive rights under the

Constitution of the United States of America.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(finding Section 1983 creates no substantive rights but rather is the means through which a plaintiff may seek redress for deprivations of rights the Constitution establishes); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983.  To state a claim for relief under Section 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights that the Constitution secures.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).  Conduct that is not connected to a constitutional violation is not actionable under Section 1983.  See Trask v. Franco, 446 F.3d at 1046.

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for coworkers' or subordinates' actions.  See Ashcroft v. Iqbal, 556 U.S. at 676.  A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. at 676.  The plaintiff must allege some identified official's personal involvement in the alleged constitutional violation to succeed under Section 1983.  See  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Okla., 519 F.3d 1242, 1249-50 (10th Cir.

2008)(emphasis in the original). Generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, do not state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

The Supreme Court of the United States has held that public defenders cannot be sued under Section 1983, because they do not act under color of state law. See Polk Cty. v. Dodson, 454 U.S. 312, 315 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. See Polk Cty. v. Dodson, 454 U.S. at 325.

Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(quotation marks omitted). It does not abrogate the states' sovereign immunity, and neither the states nor their agencies qualify as "persons" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989); Wood v. Milyard, 414 F. App'x 103, 105 (10th Cir. 2011)(unpublished)(internal quotation marks omitted). The State is not a "person" within the meaning of Section 1983 and, therefore, there is no remedy against the State under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64. Section 1983 claims against the State of New Mexico and its agencies, as well as official capacity claims against its officials, must be dismissed. See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64.

**LAW REGARDING HECK V. HUMPHREY'S BAR**

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court addressed the question when a prisoner may bring a Section 1983 claim relating to his conviction or sentence. The Court held that, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or of his sentence; if the judgment would invalidate a sentence or conviction, the complaint must be dismissed. See Heck v. Humphrey, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under Section 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005). See also Edwards v. Balisok, 520 U.S. 641 (1997).

## STATUTE OF LIMITATIONS GOVERNING SECTION 1983 CLAIMS

The three-year-personal-injury statute of limitations in N.M. Stat. Ann. § 37-1-8 governs civil rights claims arising in New Mexico under Section 1983. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury, and of its unconstitutional cause. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d at 1216. The injury's extent is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. See Wallace v. Kato, 549 U.S. 384, 391 (2007); Harvey v. United States, 685 F.3d 939, 949 (10th Cir. 2012). The applicable statute of limitations for Fierro's claims under Section 1983 is § 37-1-8's three-year statute of limitations.

## ANALYSIS

This Court has reviewed Fierro's Complaint and the pertinent laws. The Court concludes that Fierro's allegations do not state a claim for relief under Section 1983. Moreover, even if Fierro did state a claim for relief under Section 1983, his claim would be barred by both the Heck v. Humphrey doctrine and § 37-1-8's three-year statute of limitations.

I.    **FIERRO'S ALLEGATIONS DO NOT STATE A SECTION 1983 CLAIM FOR RELIEF.**

Fierro contends that his appointed criminal defense attorneys, Mr. McCall, Mr. Pritchard, Mr. Kochersberger, Mr. Rosenfeld, Mr. Pottenger, and Mr. O'Connell ineffectively represented him. See Complaint at 19-22. The Complaint makes no allegations against the attorneys that amount to more than a lawyer's traditional functions as counsel to Fierro in the state criminal proceeding. Fierro's claims all are based on allegations regarding the counsel's functions in his criminal case. Thus, he cannot sue them under Section 1983, because they did not act under color of state law to the extent that Fierro's claims against the attorneys arise out of their representation of Fierro as defense counsel. See Polk Cty. v. Dodson, 454 U.S. at 315. The Complaint does not state any Section 1983 claim for relief against Mr. McCall, Mr. Pritchard, Mr. Kochersberger, Mr. Rosenfeld, Mr. Pottenger, Mr. O'Connell, and, if construed to be a Defendant, Mr. Turner. See Polk Cty. v. Dodson, 454 U.S. at 325.

Fierro names the State of New Mexico and the New Mexico Public Defender Department as Defendants in the Complaint. See Complaint at 1. The Complaint does not make any factual allegations against the State of New Mexico. To the extent, however, that the Complaint can be construed as asserting any claims against the State of New Mexico, and its agency, the New Mexico Public Defender Department, the State and its agency are not "persons" within the meaning of Section 1983, and therefore the statute does not provide a remedy. See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64. Section 1983, however, does not abrogate the State of New Mexico's sovereign immunity. See Will v. Mich. Dep't of State Police, 491 U.S. at 67, 71; Wood v. Milyard, 414 F. App'x at 105. Any claims against the State of New Mexico, including any claims against the New Mexico Public Defender Department as a state agency, do not state

any claim for relief  and the Court will be dismiss those claims.  See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64.

**II.     THE HECK V. HUMPHREY DOCTRINE BARS FIERRO'S CLAIMS.**

All of the claims in Fierro's Complaint are attacks on the criminal proceedings underlying his conviction in New Mexico state case, No. D-202-CR-2004-02692.  See Complaint at 24-53.  Fierro's Prayer for Relief specifically asks the Court "for monetary compensation punitive, compensatory damages & to over-turn my conviction, & change to the public defender's indigent defense systems."  Complaint at 23.

Fierro's request for relief necessitates the invalidation of his sentence.  See Wilkinson v. Dotson, 544 U.S. at 80-81.  Because a favorable ruling on Fierro's claims would require treating his sentence in D-202-CR-2004-02692 as invalid, the Court must dismiss all of his civil rights claims in the Complaint under the Heck v. Humphrey doctrine.  See Beck v. City of Muskogee Police Dept., 195 F.3d 553, 556–57 (10th Cir. 1999); Wilkinson v. Dotson, 544 U.S. at 80-81.  The Court will dismiss the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B) because of the Heck v. Humphrey  doctrine's bar.

**III.     THE STATUTE OF LIMITATIONS BARS FIERRO'S CLAIMS.**

In his Complaint, Fierro alleges that the starting date for his claims is June 26, 2004.  See Complaint at 3.   Fierro claims that the violation of his rights continues "to the present date of filing."  Complaint  at 3.  The Complaint and its attachments, however, establish that the conduct forming the basis of Fierro's claims took place between 2004 and 2008.  See Complaint at 24-53.  Fierro's civil rights Complaint was not filed until December 7, 2018.  See Complaint at 1.  The attachments also demonstrate that Fierro was aware of the conduct that forms the basis of his Complaint no later than 2008, when Fierro raised his defense counsel's alleged ineffective

- 10 -

assistance as a basis for violation of his speedy trial rights.  See Complaint at 24-28.

Fierro knew or should have known of the alleged injury and its unconstitutional cause, and his claims accrued no later than 2008.  See  Wallace v. Kato, 549 U.S. at 391; Varnell v. Dora Consol. Sch. Dist., 756 F.3d at 1216; Harvey v. United States, 685 F.3d at 949.  Fierro did not file his Complaint until approximately ten years later.  See Complaint at 1.  On his Complaint's face, the three-year statute of limitations governing Section 1983 actions bars all of Fierro's claims in this  case.  See Jones v. Bock, 549 U.S. 199, 214-15 (2007)(stating that claims are properly dismissed where affirmative defense is clear on the complaint's face); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1096 (10th Cir. 2009); Varnell v. Dora Consol. Sch. Dist., 756 F.3d at 1212.

IV.     **LEAVE TO AMEND WOULD BE FUTILE.**

Ordinarily, the Court should consider whether to allow a pro se plaintiff an opportunity to amend the complaint.  See  Hall v. Bellmon, 935 F.2d at 1109.  The Court should give pro se plaintiffs a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  The Court should grant the opportunity to amend unless amendment would be futile.  See  Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).  Because the statute of limitations and Heck v. Humphrey would bar Fierro's claims, amendment would be futile, so the Court will not grant leave to amend.

V.      **THE COURT WILL DENY THE PENDING MOTIONS AS MOOT.**

Pending before the Court are: (i) the  Plaintiff's Motion Requesting Appointment of Counsel, filed January 4, 2019 (Doc. 11); (ii) Plaintiff's Motion for Demand for Jury Trial & Speedy Trial, Also Motion to Compel Defendants to Inter [sic] an Appearance, filed March 18,

2019 (Doc. 14); and (iii) Plaintiff's Motion for Joinder, filed April 17, 2019 (Doc. 16). The Court will deny the pending motions as moot in light of the Court's dismissal of this proceeding.

**IT IS ORDERED** that (i) the Plaintiff Eric R. Fierro's Complaint for Violation of Civil Rights, filed December 7, 2018 (Doc. 1) is dismissed with prejudice for failure to state a claim on which relief can be granted; and (ii) the Court will deny the pending motions as moot in light of the Court's dismissal of these proceedings: Plaintiff's Motion Requesting Appointment of Counsel, filed January 4, 2019 (Doc. 11); Plaintiff's Motion for Demand for Jury Trial & Speedy Trial, Also Motion to Compel Defendants to Inter [sic] an Appearance, filed March 18, 2019 (Doc. 14); and Plaintiff's Motion for Joinder, filed April 17, 2019 (Doc. 16).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eric R. Fierro
Hobbs, New Mexico

*Plaintiff Pro Se*